IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02341-WDM-BNB

DONALD A. HEATH, JR., through his parent and legal guardian, MICHELE ORTEZ,

Plaintiff,

v.

TED MINK, the Sheriff of Jefferson County in his official capacity as Jefferson County Sheriff,
LT. DAN HARRI, a lieutenant for the Jefferson County Sheriff's Department in his individual and official capacity,
ROBERT FOREMAN, a deputy sheriff for the Jefferson County Sheriff's Department in his individual and official capacity,
STEVE VINCZE, a deputy sheriff for the Jefferson County Sheriff's Department in his individual and official capacity,
J. GRAYSON ROBINSON, the Sheriff of Arapahoe County in his official capacity as Arapahoe County Sheriff,
CARLA CODY, a deputy sheriff for the Arapahoe County Sheriff's Department in her individual and official capacity,
EDWARD SMITH, a deputy sheriff for the Arapahoe County Sheriff's Department in his individual and official capacity,
ROY HOOD, a deputy sheriff for the Arapahoe County Sheriff's Department in his individual and official capacity,
MIKE CLAXTON, a deputy sheriff for the Arapahoe County Sheriff's Department in his individual and official capacity,
BERNADETTE SANCHEZ, an employee for the Arapahoe County Sheriff's Department in her individual and official capacity,
SHERRY STUART, a classification specialist for the Arapahoe County Sheriff's Department in her individual and official capacity,
CHERIE CARLISE, a classification specialist for the Arapahoe County Sheriff's Department in her individual and official capacity,
ERNIE TISDELL, a classification specialist for the Arapahoe County Sheriff's Department in his individual and official capacity,
LT. JAMES MCCORD, a lieutenant for the Arapahoe County Sheriff's Department in his individual and official capacity,
LT. MICHAEL TENNESSON, a lieutenant for the Arapahoe County Sheriff's Department in his individual and official capacity,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Defendants' Unopposed Motion to Amend the**

**Scheduling Order** (the "Motion"), filed July 21, 2005.  The defendants request an extension of time until 30 days after receipt of the entirety of Plaintiff's medical and mental health records within which to disclose their experts.  The Motion is DENIED.

On April 20, 2005, I entered a Scheduling Order.  The Scheduling Order required that all experts be designated by July 22, 2005; all rebuttal experts be designated by August 26, 2005; set a discovery cut-off of October 21, 2005; and set a dispositive motion deadline of December 15, 2005.  The defendants claim that the extension of the expert witness designation date is necessary because they have not received from the plaintiff voluntarily a release for medical records from Jefferson Hills; they have sought such a release by formal discovery; and the discovery responses are not due until July 25, 2005.

The defendants assert in the Motion that extending the expert deadlines will  "not affect other discovery of dispositive motion deadlines and do not affect the dates for the . . . pretrial conference." Motion at ¶7.  This assertion is naive.[1]  Even if I assume that the release will be provided on July 25, 2005, it will take weeks for the defendants to obtain the medical records from the provider.  Their experts then will have to review those records to formulate their opinions.  Thereafter, it is likely that the experts will be deposed.  The schedule allows less than two month between the deadline to disclose rebuttal experts and the discovery cut-off.  I anticipate that if I were to grant the Motion, I eventually would see a motion to extend the discovery cut-off and the dispositive motion deadline.

Although I am denying this Motion, I will consider a motion which seeks an extension of the expert disclosures to dates certain and which seeks realistic adjustments of all related

---

[1] It is not clear to me why the defendants are seeking an enlargement of the expert witness deadline.  I anticipate that the defendants will designate rebuttal experts only.

deadlines, including the discovery cut-off and the pretrial conference date.

    IT IS ORDERED that the Motion is DENIED.

    Dated July 22, 2005.

                                    BY THE COURT:

                                    /s/ Boyd N. Boland
                                    United States Magistrate Judge